UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

**Terrence Dasher**,

      Plaintiff,

v.

**Bret Williams, et al.**,

      Defendants.

_____

2:08-cv-02206-SRT (PC)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO FILE AMENDED COMPLAINT**

Plaintiff, a state prisoner proceeding *pro se*, has filed a civil rights complaint against several medical personnel at the Mule Creek State Prison ("MCSP"). He has been granted leave to proceed *in forma pauperis*.

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). Accordingly, this Court will screen the complaint to determine whether Defendants are required

to respond.

The Federal Rules of Civil Procedure require that complaints, including complaints brought under 42 U.S.C. § 1983, contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The complaint must give the defendant fair notice of the plaintiff's claim and the grounds on which it rests. *Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). The plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Jones v. Cmty Dev. Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984).

A pro se civil rights complaint must be construed liberally, *see Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002), and generally the plaintiff must be given leave to amend his complaint, "unless it is absolutely clear that the deficiencies of the Complaint could not be cured by amendment." *Broughton v. Cutter Lab.*, 622 F.2d 458, 460 (9th Cir.1980) (per curiam).

**Discussion**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (*quoting Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) "the defendant's response to the need

was deliberately indifferent." *Jett*, 439 F.3d at 1096 (internal quotations omitted).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *McGuckin*, 974 F.2d at 1060 (internal quotations omitted). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. *Id.* (*citing Shapely v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)). Further, "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a s 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).

Plaintiff alleges deliberate indifference on the part of medical staff with regard to three medical conditions. First, Plaintiff alleges that he injured his knee in late 2006 and that Dr. Nale and Physician Assistant Akintola have denied his request for a MRI to "reveal exactly what is wrong, and what happened to my right knee, and how it may be treated to heal." He states that Chief Medical Officer Dr. Christopher Smith has also been notified of his request. However, Plaintiff does not allege that he has been denied treatment for his condition–in fact, he states that

Nale and Akintola ordered six x-rays of his knee in 2006 and 2007. Without further allegations, Plaintiff's complaint indicates a difference in opinion regarding his course of treatment which does not, without more, give rise to a § 1983 claim. *Franklin*, 662 F.2d at 1344.

Second, Plaintiff alleges that Dr. Bret Williams has denied Plaintiff a liver biopsy to determine the stage severity of his Hepatitis-C. Plaintiff states that he is exhibiting jaundice and that a liver biopsy is overdue. However, Plaintiff has not alleged that he is not receiving treatment for the disease, or that the failure to perform a liver biopsy in itself presents a risk to his health. Again, without further allegations, Plaintiff's complaint shows a difference of opinion with prison medical officers regarding treatment of his disease, which in itself does not support a § 1983 claim. *Franklin*, 662 F.2d at 1344.

Finally, Plaintiff alleges that he has had a severe ear infection for six months as of the date of filing. He states that he was prescribed antibiotics but these are no longer effective. Plaintiff states that Dr. Galloway claims that he is unable to treat the infection and that unnamed staff refuse to provide further treatment. Plaintiff states that he has ongoing pain and has suffered some hearing loss. Depending on the circumstances, failure to treat an ear infection, where the result is ongoing pain and hearing loss, could constitute "a substantial risk of serious harm." However, the complaint as filed is insufficiently specific for the Court to determine whether Plaintiff has made out a claim against specific defendants for deliberate indifference in their treatment of Plaintiff's condition. *See Jones*, 733 F.2d at 646 (stating that "plaintiff must allege

4

with at least some degree of particularity overt acts by specific defendants which support the claims").

**Conclusion**

Based on the foregoing, the Complaint hereby is DISMISSED, with leave to file an amended Complaint on or before April 10, 2009. More specifically, Plaintiff may pursue this action further by filing an original and one copy of a pleading captioned as his First Amended Complaint (1AC), bearing the current case number, on or before April 10, 2009. To withstand another dismissal, the 1AC must correct the deficiencies identified in this Order and must comply with the Federal Rules of Civil Procedure and this Court's Local Rules. The 1AC must be complete in itself and must not refer to any prior version of the complaint.

The Court cautions Plaintiff that if he fails to file a timely amended complaint or otherwise fails to comply substantially with the terms of this Order, then this action may be dismissed with prejudice.

IT IS SO ORDERED.

DATED: March 11, 2009

/s/ Sidney R. Thomas
_____
Sidney R. Thomas, United States Circuit Judge
Sitting by Designation